**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio SALDANA, Defendant–Appellant.**

**No. 02–50249.**

**D.C. No. CR–01–03114–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Sergio Saldana appeals his jury conviction and consequent 24–month sentence imposed for importing two kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Saldana contends that the district court erred by excluding certain post-arrest statements he made to the investigating agent and limiting cross-examination of the agent regarding those statements, in violation of the Fifth and Sixth Amendments. We review for abuse of discretion the exclusion of evidence under the hearsay rule, *United States v. Matta–Ballesteros*, 71 F.3d 754, 767 (9th Cir.1995), *amended by* 98 F.3d 1100 (9th Cir.1996), as well as a limitation on the scope of cross examination, *United States v. Domina*, 784 F.2d 1361, 1365 (9th Cir.1986). The district

court did not abuse its discretion because a defendant's non self-inculpatory post-arrest statements to police officers are inadmissible hearsay unless they are offered against him by the prosecutor. *See United States v. Ortega*, 203 F.3d 675, 682–83 (9th Cir.2000). It follows that limiting cross-examination to preclude eliciting this inadmissible hearsay was proper. *See id.* at 683; *United States v. Lo*, 231 F.3d 471, 482 (9th Cir.2000) (affirming limitation on cross-examination due to "highly speculative" nature of allegations to be explored).

Saldana contends that the district court erred by denying his motion for a new trial based on prosecutorial misconduct. Where, as here, the defendant objected to alleged acts of prosecutorial misconduct at trial, we review for harmless error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000). Upon review of the record, we find no error. *See United States v. Ochoa–Sanchez*, 676 F.2d 1283, 1289 (9th Cir.1982) (finding no prosecutorial misconduct where testimony was favorable to defendant and he failed to identify any prejudice).

The district court did not err in denying Saldana's motion to dismiss the indictment based on faulty grand jury instructions. *See United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir.2002) (per curiam).

Saldana's contention that the drug statutes are facially unconstitutional is foreclosed by our decision in *United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir. 2003).

Saldana's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.